**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3301
_____

ELIZABETH LIGGON-REDDING;
STEWART LIGGON; *MINORS S, D & K,
                                        Appellants

v.

**BANK OF AMERICA, NATIONAL ASSOCIATION

Elizabeth Liggon-Redding; Stewart Liggon,
                                        Appellants

*(Dismissed pursuant to the Court's Order dated 3/31/2015)
**(Amended pursuant to Clerk's Order dated 6/01/2015)
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-12-cv-00827)
District Judge: Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2016

Before: FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 21, 2016)
_____

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Elizabeth Liggon-Redding and her son Stewart Liggon appeal from the final order of the District Court directing the closure of this case. We will affirm as to Liggon-Redding. As to Liggon, this appeal is dismissed.[1]

## I.

Liggon-Redding is a frequent pro se litigant. In this case, she filed suit against the entity now known as Bank of America, National Association ("BOFA"). She did so on her own behalf and purportedly on behalf of Liggon and his three minor children as well. The District Court dismissed her cursory complaint without prejudice, and she filed an amended complaint. Liggon-Redding alleged that BOFA discriminated against Liggon on the basis of his race and disability in setting a high interest rate on a mortgage obtained by Liggon and his wife. Liggon-Redding further alleged that BOFA unlawfully instituted eviction proceedings, trespassed on Liggon's property, and stole certain of his belongings. Only Liggon-Redding signed the initial and amended complaints.

BOFA moved to dismiss the amended complaint on standing and other grounds, and the District Court granted that motion and dismissed the amended complaint on October 21, 2013. Among other things, the District Court concluded that Liggon-

---

[1] Liggon-Redding has purported to file various documents with this Court on Liggon's behalf. Our Clerk advised appellants that documents filed on Liggon's behalf would be deemed filed by him only if he personally signed them. Liggon-Redding has filed a brief, but Liggon neither signed it nor filed a brief of his own. Thus, this appeal is dismissed as to Liggon pursuant to Fed. R. App. 3(a)(2) and 3d Cir. L.A.R. Misc. 107.2(b), for failure

Redding pleaded no facts suggesting that she has standing to assert any claims on her own behalf and that she is not permitted to represent her family members pro se. The District Court's dismissal was once again without prejudice, however, and it gave Liggon-Redding time to file a second amended complaint and to hire a lawyer if she wished the interests of the other named plaintiffs to be represented.

Liggon-Redding responded by filing motions for appointment of counsel and an extension of time to amend her complaint. The District Court denied her motion for counsel but granted her an extension of time to amend. Liggon-Redding appealed from that order at C.A. No. 13-4612, and we dismissed her appeal for lack of jurisdiction. Thereafter, the District Court granted Liggon-Redding another extension of time to amend. Liggon-Redding instead filed a motion to reconsider appointing counsel, and the District Court denied that motion but granted her one final extension of time to amend. The District Court also warned her that it would close the case if she failed to do so.

Liggon-Redding instead filed a document captioned as "plaintiff attempt to try to submit an amended complaint and be allowed to turn this complaint into a class action law suit and appointment of counsel." Liggon-Redding sought to initiate a class action against BOFA on the basis of its alleged noncompliance with a consent decree in a different case and again requested appointment of counsel. The District Court denied her requests and finally closed the case on July 7, 2014. Liggon-Redding appeals.

---

to file a brief.

3

II.

We deem the District Court's July 7 order a final decision closing the case with prejudice. We thus have jurisdiction pursuant to 28 U.S.C. § 1291. Liggon-Redding, however, has not properly placed any issue before us for review. A litigant in Liggon-Redding's position might challenge the District Court's legal analysis in dismissing the amended complaint, its denial of counsel, or its decision to close the case. Liggon-Redding's notice of appeal mentions the denial of counsel and class-action status, but her brief on appeal does not mention those issues or any of the District Court's rulings at all. Thus, as BOFA argues, Liggon-Redding has waived all potential issues on appeal.[2]

Nevertheless, we have reviewed the District Court's rulings and perceive no abuse of discretion in its case management decisions or its denial of Liggon-Redding's requests for counsel. Appointment of counsel generally requires some potentially meritorious claim, see Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), and Liggon-Redding has never raised anything in the District Court or in this one suggesting that she has standing

---

[2] We previously denied Liggon-Redding's motions for appointment of counsel in this Court and to stay this appeal, and we directed her to file a brief if she wished to proceed. Liggon-Redding has titled her brief "plaintiffs [sic] attempt at the ordered brief." The brief is approximately one page long, and it mentions only an apparent refinance of the mortgage, an attorney's performance in an unidentified proceeding, and the recent occupation of federal land in Oregon. None of these issues is relevant to any of the District Court's rulings. We treat pro se litigants with indulgence in certain respects but, "[a]t the end of the day, . . . they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). And Liggon-Redding is an experienced pro se litigant who is well-aware of the briefing requirements and has filed briefs in other cases.

4

to assert any potentially meritorious claim against BOFA. Nor may she represent her family members pro se. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). Thus, the District Court also did not err in dismissing Liggon-Redding's amended complaint or abuse its discretion in declining to grant her a seventh opportunity to amend.

III.

For these reasons, we will affirm the judgment of the District Court as to Liggon-Redding. As to Liggon, this appeal is dismissed.